O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAURENCE E. KRAMER, | Case No. CV 12-5297-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration, | |
| Defendant. | |

### I. Background

Plaintiff Laurence Kramer seeks judicial review of the Commissioner's final decision denying his application for disability insurance benefits ("DIB"). Plaintiff was born on September 14, 1949, and was 59 years old at the time he filed his application for benefits. (Administrative Record ("AR") at 129.) He completed three years of college and has relevant work experience as an architectural drafter, project manager, teacher, and construction project manager. (AR at 27, 168, 171.) Plaintiff filed his DIB application on May 21, 2009, alleging disability beginning April 9, 2006, due to bowel related problems, diabetes, hip problems and high blood pressure. (AR at 79, 167.)

//

Plaintiff's application was denied initially on January 5, 2010. (AR at 80-84.) An administrative hearing was held on January 25, 2011, before Administrative Law Judge ("ALJ") Zane A. Lang. Plaintiff, represented by counsel, testified, as did a vocational expert ("VE"). (AR at 44-77.)

On January 27, 2011, the ALJ issued an unfavorable decision. (AR at 20-28.) The ALJ found that the medical evidence established that Plaintiff suffered from the following severe impairments: diverticulitis, diabetes, and degenerative disc disease of the lumbar spine. (AR at 22.) The ALJ determined that Plaintiff's impairments did not meet, and were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 24.) The ALJ further found that Plaintiff retained the following residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) with the following limitations:

> lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and/or walking for 6 hours in an 8-hour workday, and sitting for up to 6 out of 8 hours, with occasional performance of postural activities (climbing, balancing, stooping, kneeling, crouching, and crawling).

(Id.)
The ALJ concluded that Plaintiff was capable of performing his past relevant work as a project manager, architectural drafter, teacher, and construction project manager, and therefore Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR at 27.)

On April 10, 2012, the Appeals Council denied review. (AR at 1-4.) Plaintiff then timely commenced this action for judicial review. On

January 14, 2013, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by failing to: (1) include in his hypothetical to the VE the mild mental limitations that the ALJ found Plaintiff to suffer from; and (2) credit the limitations assessed by the psychiatric consultative examiner. (Joint Stip. at 3-4.) Plaintiff seeks reversal of the Commissioner's decision and the payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 20-21.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 21.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds that the ALJ erred in failing to include Plaintiff's mild mental limitations in the RFC assessment and in the hypothetical posed to the VE. The matter will be remanded for further proceedings consistent with this opinion.[1]

**II.   Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support

---

[1] As noted above, Plaintiff also contends that the ALJ erred by failing to credit the limitations assessed by the psychiatric consultative examiner. The Court does not reach the remaining issue or decide whether this issue would independently warrant relief. The ALJ may wish to consider this issue upon remand.

a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends that the ALJ erred by failing to include Plaintiff's mild mental limitations in the assessment of his RFC and in the hypothetical posed to the VE at Step Four of the sequential evaluation. (Joint Stip. at 4.) Although the ALJ found at Step Two of the sequential evaluation that Plaintiff's mental impairment was not severe, he did find that Plaintiff's medically determinable mental impairment caused "mild limitation in activities of daily living, social functioning, and concentration, persistence, or pace ...." (AR at 23-24.) However, the ALJ did not include any mental limitations in his assessment of Plaintiff's RFC. (AR at 24.)

The Social Security Regulations provide that the ALJ must consider all limitations when assessing a claimant's RFC, even if those limitations are found to be non-severe. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments

4

that are not 'severe' ... when we assess your residual functional capacity."). In a recent Ninth Circuit opinion directly on point, the court held that the ALJ erred in failing to include the "mild" mental limitations caused by the claimant's post-traumatic stress disorder ("PTSD") in the RFC assessment at Step Four and in the hypothetical to the VE at Step Five, even where the ALJ found that the claimant's PTSD was not a severe impairment. *Hutton v. Astrue*, ---Fed Appx. ---, 2012 WL 6040731, *1 (9th Cir. December 05, 2012).[2]

The Commissioner posits various reasons for rejecting *Hutton*, none of which are persuasive. First, the Commissioner claims that this case is controlled by *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007), relying on that case for the proposition that an ALJ is not required to include mild limitations found at Step Two in a claimant's RFC assessment because those findings are relevant only to the issues of severity and the listings. (Joint Stip. at 9.) However, *Hoopai* is inapplicable to this case because *Hoopai* merely holds that satisfaction of the Step Two threshold of severity is not dispositive of the Step Five determination of whether the claimant can perform other work in the economy. *Id.* at 1076. *Hoopai* is silent on the matter at issue here, whether the ALJ must include mild mental limitations in his assessment of a claimant's RFC.  This issue, however, is directly addressed by *Hutton*.

The Commissioner also seeks to limit *Hutton* to its specific facts by arguing that the court only granted relief because the ALJ also made other "compounding errors," such as improperly discrediting the

---

[2] Although unpublished Ninth Circuit decisions are not precedent, they are nevertheless citable in accordance with Fed.R.App.P. 32.1 and Ninth Circuit Rule 36-3.

1 claimant's testimony, the treating physicians' opinions, and the VA's
2 disability rating. (Joint Stip. at 11-12.) However, the *Hutton* court
3 specifically stated that it was "not bas[ing] [its] action ... on any of
4 these determinations by the ALJ." 2012 WL 6040731, *1. Rather, the court
5 clearly stated that the "ALJ committed legal error by failing to include
6 Hutton's PTSD in his assessment of Hutton's RFC analysis at Step Four
7 and in his hypotheticals to the vocational expert at Step Five," *id.*,
8 regardless of any other additional errors made by the ALJ.

9     The Commissioner also contends that because the ALJ found
10 Plaintiff's allegations of decreased memory and concentration not fully
11 credible, he was therefore not required to include the mild mental
12 limitations in his RFC assessment or in the hypothetical to the VE.
13 (Joint Stip. at 8, 10.) However, the *Hutton* court rejected a similar
14 argument, concluding that, "while the ALJ was free to reject Hutton's
15 testimony as not credible, there was no reason for the ALJ to disregard
16 his own finding that Hutton's nonsevere PTSD caused some 'mild'
17 limitations in the areas of concentration, persistence, or pace." 2012
18 WL 6040731, *1. Thus, the ALJ was required to include the mild mental
19 limitations he found in the RFC assessment and in the hypothetical to
20 the VE, regardless of whether the ALJ doubted Plaintiff's claim that he
21 had a mental impairment. *Id.*

22     Accordingly, the ALJ erred in failing to include the "mild"
23 limitations with respect to concentration, persistence or pace in his
24 assessment of Plaintiff's RFC and in the hypothetical he posed to the
25 VE. *Id.*
26 //
27 //
28 //

**IV.  Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **REVERSED** and the action is **REMANDED** for further proceedings consistent with this opinion.

DATED: January 22, 2013

MARC L. GOLDMAN
_____
Marc L. Goldman
United States Magistrate Judge